IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
GENERAL INSURANCE COMPANY      *
OF AMERICA                     *
                               *
v.                             *      Civil Action No. WMN-12-3307
                               *
THE WALTER E. CAMPBELL         *
COMPANY, INC. et al.           *
                               *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## MEMORANDUM AND ORDER

Pending before the Court are the following motions: (1) a joint motion for voluntary dismissal filed by Walter E. Campbell Company ("WECCO") and Pennsylvania Manufacturers Association Insurance Company ("PMA"), ECF No. 167; (2) a joint motion to substitute party filed by WECCO and Federal Insurance Company ("Federal"), ECF No. 177; (3) a Motion for Joinder in the opposition motion to WECCO and PMA's motion for voluntary dismissal filed by United States Fire Insurance Company, ECF No. 189; and (4) a Motion to Seal Certain Portions of Reply filed by WECCO, ECF No. 194.  No response has been filed to the latter two motions, and they will be granted.  Regarding the first two motions, the Court determines that no hearing is necessary, Local Rule 105.6, the PMA motion will be granted in part and denied in part and the Federal motion will be granted, subject to additional specifications as set forth in more detail below.

1

This case involves a coverage dispute between WECCO and several of its insurers.  The presently-pending motions for voluntary dismissal and substitution[1] relate to settlement agreements that WECCO has apparently reached with two of the defendant insurers.  In its motion for voluntary dismissal of Defendant PMA, WECCO seeks (1) dismissal with prejudice of all claims by and between PMA and WECCO without effect on WECCO's claims against the remaining defendants; (2) dismissal with prejudice of all claims by PMA against any other insurer; (3) dismissal with prejudice of any and all claims by any insurer against PMA, "provided, however, that any judgment or award obtained by WECCO against other insurer [sic] shall be automatically reduced by the amount, if any, that a Court determines by judgment PMA would have been liable to pay such other insurer(s);" and (4) substitution of WECCO for PMA as the proper defendant.  ECF No. 167-1 at 2 (emphasis in original). Various insurer defendants – referred to collectively as "Certain Insurers" – filed a motion in opposition, stating that they "have no objection to the substitution for PMA so long as WECCO agrees to participate in the defense and indemnity of WECCO in the Asbestos Claims to the same extent that PMA would

---

[1] Although titled differently by WECCO, each motion seeks substantially the same relief.

be obligated to participate under Maryland law."[2]  ECF No. 186 at 2.  That is not, however, what WECCO seeks.  Moreover, Certain Insurers contend that the other relief sought by WECCO is far too broad, as it seeks dismissal of all claims brought by other parties against PMA.  Rather, they assert that substitution of WECCO in the place of PMA as to those claims, and not dismissal of the claims, is the appropriate remedy.  Last, Certain Insurers request that, "[t]o preserve the funds for the payment of defense costs and indemnity payments to claimants, the Insurers request that this Court order WECCO to hold the funds from its settlement with PMA in trust and that the settlement funds be used solely in respect of defense and indemnity of Asbestos Claims and be paid in accordance with PMA's legal share of defense and indemnity obligations."  ECF No. 186 at 4.

Certain Insurers raise similar objections to WECCO's Motion for Substitution as to Federal.  In that Motion, WECCO seeks (1) dismissal with prejudice of "[a]ny claims by any insurer against Federal . . . provided, however, that any judgment or award obtained by WECCO against any remaining insurer shall be automatically reduced by the amount, if any, that a court

---

[2] Because of Certain Insurers' assertion that Maryland law applies, they contend that they are entitled to pro rata allocation from PMA and Federal.  See ECF No. 186 at 2 (citing In re Wallace & Gale Co., 385 F.3d 820 (4th Cir. 2004); Mayor & City Council of Balt. v. Utica Mutual Ins. Co., 145 Md. App. 256 (2002)).  WECCO, however, asserts that choice of law remains an open issue in this case.

3

determines by judgment Federal would have been liable to pay such other insurer as a result of a contribution claim made by that insurer against Federal;" and (2) substitution of WECCO for Federal as the proper defendant. ECF No. 177-1 at 2 (emphasis in original). Certain Insurers again contend that WECCO's proposed relief is overbroad in seeking dismissal of the claims against Federal, and that it fails to protect sufficiently Certain Insurers' rights to defense and indemnity costs.

Pursuant to Federal Rule of Civil Procedure 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." "The decision to order substitution is a matter within the sound discretion of the court." Comsat Corp. v. Melbourne Intern. Communications Ltd., Civ. No DKC-02-2680, 2004 WL 1124946, at *1 (D. Md. May 13, 2004). Generally, however, the plaintiff must remain able to "obtain[] all the relief to which it may be entitled from the original defendants." Montecatini Societa General per L'Industria Mineraria e Chimica v. Humble Oil & Refining Co., 261 F. Supp. 587, 591 (D. Md. 1966).

A reading of WECCO's motions suggest that WECCO is prepared to compensate the other defendant insurers for any and all contribution moneys, if any, determined to be owed to them by

both PMA and Federal.[3] See ECF No. 167-1 at 4 (noting that, pursuant to the settlement agreement between PMA and WECCO, WECCO agrees "[t]hat any judgment or award obtained by WECCO against other insurer shall be automatically reduced by the amount, if any, that a Court determines by judgment PMA would have been liable to pay such other insurer as a result of that insurer's claim so that the claim by that insurer against PMA is thereby satisfied and extinguished"); ECF No. 177-1 at 2 (agreeing "that any judgment or award obtained by WECCO against any remaining insurer shall be automatically reduced by the amount, if any, that a court determines by judgment Federal would have been liable to pay such other insurer as a result of a contribution claim made by that insurer against Federal"). See also ECF No. 167-1 at 7 ("WECCO has agreed that the dismissal of PMA and the substitution of WECCO will not prejudice the rights of non-settling insurers to assert that they are entitled contribution to account for PMA's coverage. . . . As a result of the settlement, WECCO is now the real party in interest as to the amount, if any, that PMA would have been liable to pay a non-settled insurer on a contribution claim

---

[3] WECCO acknowledges that this amount may be disputed, but asserts that "[a]ny dispute over the amount of the reduction to which the non-settled insurers may be entitled is between WECCO and the non-settling insurer and should and can be resolved by those parties without PMA's involvement."  ECF No. 167-1 at 6.

against PMA."); ECF No. 177-1 at 7 (same language with respect to Federal).

Considering this, it appears that Certain Insurers consent generally to the idea of substitution. Certain Insurers nonetheless oppose WECCO's motions, however, on the grounds that WECCO should have to act as PMA and Federal in "real-time." Specifically, Certain Insurers believe that WECCO's proposed order would compel them to "fund PMA [and Federal] shortfalls pending entry of 'judgment' on their contribution claims." ECF No. 186 at 3; ECF No. 191 at 2. Accordingly, Certain Insurers request that, for WECCO to avoid causing prejudice to them, "the Court's order permitting substitution should provide that WECCO shall pay a _pro rata_ share of defense and indemnity costs as defense costs are incurred and settlements and judgment are entered just as PMA [or Federal] would have paid had [they] remained a party." ECF No. 186 at 3; ECF No. 191 at 2. They also request that, "[t]o preserve the funds for the payment of defense costs and indemnity payments to claimants, . . .this Court order WECCO to hold the funds from its settlement[s] with PMA [and Federal] in trust and that the settlement funds be used solely in respect of defense and indemnity of Asbestos Claims and be paid in accordance with PMA[ and Federal]'s legal share of defense and indemnity obligations." ECF No. 186 at 4; ECF No. 191 at 2-3.

WECCO objects to the entry of such an order, contending that Certain Insurers' concerns have "nothing to do with the entirely procedural nature of [WECCO's] motion." ECF No. 192. Perhaps most substantively, WECCO contends that Certain Insurers' proposed "pro rata" language should not be entered because choice of law has not yet been adjudicated in this case. Moreover, WECCO asserts that it should not be ordered to pay PMA's shares of defense costs and potential settlements in "real-time" because Certain Insurers are presently delinquent on their own obligations.

Although the Court previously intimated that Maryland law is likely to apply to the majority of the claims and issues, see ECF No. 146 at 6, it agrees with WECCO that choice of law has neither been briefed before nor adjudicated by this Court. Accordingly, although the Court will grant the motions for substitution, the Court will not insert language into its order regarding the pending motions that imposes on WECCO an obligation required by Maryland, but perhaps not D.C., law. The Court recognizes, however, Certain Insurers' interests in protecting and preserving their rights, as well as the general notion that substitution is proper only if the parties can obtain the same relief as they would absent substitution. Despite WECCO's argument to the contrary, it does not appear to the Court that Certain Insurers' apparent present delinquency on

7

their payment obligations provides any justification to relieve PMA or Federal, through WECCO, from any presently-existing obligation by them to pay their portion of defense and indemnity costs as they arise.[4]  Accordingly, to preserve the status quo as to any legal obligations between and amongst the parties, the Court will grant substitution, provided that WECCO will be obligated to participate in the defense and indemnity of WECCO to the same extent that PMA would be obligated to participate under the applicable law.  The Court believes that this language both preserves Certain Insurers' rights, as well as WECCO's right to brief and have adjudicated the choice of law issue.  As the settlement agreements will resolve WECCO's claims against PMA and Federal, the Court will also direct that the settlement payments be deposited into respective qualified settlement funds, as defined by the Internal Revenue Code, 28 U.S.C. § 468B and the regulations promulgated thereunder, pending resolution

---

[4] WECCO argues that "Certain Insurers' request is also premised on the false notion that there is even a PMA 'share' of costs for WECCO to absorb."  ECF No. 192 at 7.  The Court expresses no opinion as to whether PMA's (or Federal's) coverage for the asbestos suits has been exhausted, nor does the Court express any opinion as to whether Federal's excess insurance policies would be implicated at all.  See generally ECF No. 198 at 3 (arguing that Federal is not responsible for defense and indemnity costs because the Federal policy concerned only excess coverage).  Rather, it merely orders that the parties will retain whatever rights and obligations the parties had prior to substitution, with WECCO acquiring PMA's (and Federal's) rights and obligations through substitution.  Resolution of the underlying substantive issues is a matter for another day.

of the underlying substantive issues as to PMA and Federal's responsibility for defense and indemnity costs, if any.

With respect to dismissal, the Court agrees with Certain Insurers that the relief sought by WECCO is too broad. WECCO may appropriately seek substitution of the parties, but may not seek dismissal of the claims asserted by other parties against PMA and Federal. Those claims would instead survive as claims against WECCO.[5] Because the Court is aware that the framing of its order may, in essence, change the terms of the settlement agreements entered into by the parties, it will, of course, entertain any motion to vacate portions of this Court's order should the settlement agreements fail as a result of this Court's conditions on substitution of parties.

Accordingly, IT IS this 14th day of May, 2014, by the United States District Court for the District of Maryland, HEREBY ORDERED that:

1. The Joint Motion for Voluntary Dismissal and Substitution filed by Walter E. Campbell Company and Pennsylvania

---

[5] In its joint Motion with PMA, WECCO requests that all claims against PMA by other parties, as well as all claims by PMA against other parties be dismissed. Because the former claims are surviving, the Court presumes that WECCO, as the substituted party for PMA, would also want any claims asserted by PMA to remain viable. Accordingly, the Court will deny the Motion for Voluntary Dismissal as to those claims. Should the Court's decision on this point misconstrue WECCO's intentions, the Court invites WECCO to file a notice of voluntary dismissal as to those claims asserted originally by PMA against other insurers. WECCO did not request similar relief with regard to Federal.

Manufacturers Association Insurance Company, ECF No. 167, is GRANTED IN PART AND DENIED IN PART, in that:

a. The Motion for Voluntary Dismissal of all claims between WECCO and PMA is GRANTED and they are DISMISSED WITH PREJUDICE;

b. The Motion for Voluntary Dismissal of all claims against other insurers by PMA is DENIED;

c. The Motion for Voluntary Dismissal of all claims asserted by other insurers against PMA is DENIED;

d. The Motion for Substitution of WECCO in place of PMA is GRANTED, and WECCO shall be SUBSTITUTED for PMA as the proper defendant with regard to all remaining claims asserted against PMA in this case, provided that:

   (1) Any judgment or award obtained by WECCO against other insurer shall be automatically reduced by the amount, if any, that a Court determines by judgment PMA would have been liable to pay such other insurer as a result of that insurer's claim so that the claim by that insurer against PMA is thereby satisfied and extinguished;

   (2) WECCO will be obligated to participate in the defense and indemnity of WECCO to the same extent

        that PMA would be obligated to participate under the applicable law; and

    (3)  WECCO and PMA are ORDERED to deposit the settlement payment in qualified settlement fund, pending resolution of substantive issues relating to PMA's responsibility, if any, to pay defense and indemnity costs;

2. The Joint Motion to Substitute Party filed by WECCO and Federal Insurance Company, ECF No. 177, is GRANTED and WECCO shall be SUBSTITUTED for Federal as the proper defendant with regard to all remaining claims asserted against Federal in this case, provided that:

   a. Any judgment or award obtained by WECCO against any remaining insurer shall be automatically reduced by the amount, if any, that a court determines by judgment Federal would have been liable to pay such other insurer as a result of a contribution claim made by that insurer against Federal, such that the claim by that insurer against Federal is thereby satisfied and extinguished;

   b. WECCO will be obligated to participate in the defense and indemnity of WECCO to the same extent that Federal would be obligated to participate under the applicable law; and

11

    c. WECCO and Federal are ORDERED to deposit the settlement payment in an qualified settlement fund, pending resolution of substantive issues relating to PMA's responsibility, if any, to pay defense and indemnity costs;

3. The Motion for Joinder in the opposition motion to WECCO and PMA's motion for voluntary dismissal filed by United States Fire Insurance Company, ECF No. 189, is GRANTED;

4. The Motion to Seal Certain Portions of Reply filed by WECCO, ECF No. 194, is GRANTED;

5. Within 10 days of the date of this Order, the parties SHALL SUBMIT a joint status report detailing the parties' intentions regarding scheduling and briefing on the choice of law issue in this matter; and

6. The Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

                                                      /s/
                                    William M. Nickerson
                                    Senior United States District Judge