IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GENERAL INSURANCE COMPANY OF    *
AMERICA    *
   *
       v.    *   Case No. WMN-12-3307
   *
THE WALTER E. CAMPBELL COMPANY,   *
INC. <u>et al.</u>    *
   *

   *    *    *    *    *    *    *    *    *    *    *    *

**<u>MEMORANDUM</u>**

Before the Court are the following motions: (1) a motion filed by the Walter E. Campbell Company, Inc. (WECCO) and The Hartford Financial Services Group, Inc. (Hartford) to dismiss the claims that they have asserted against each other and to substitute WECCO for Hartford in the remaining claims in this litigation (Motion to Dismiss), ECF No. 283; (2) a motion filed by The Continental Insurance Company, United States Fire Insurance Company and St. Paul Fire and Marine Insurance Company (collectively, the Non-Settled Insurers) to enforce previous Orders of this Court and for a declaration of the parties' obligations thereunder (Motion to Enforce), ECF No. 284; and (3) a motion filed by the Non-Settled Insurers for partial summary judgment in the form of declarations related to the proper application of pro rata allocation to claims against WECCO in certain asbestos suits (Motion for Partial Summary Judgment),

ECF No. 299.[1]  The motions are all ripe.  Upon review of the
papers filed and the applicable case law, the Court determines
that no hearing is necessary, Local Rule 105.6, and that Non-
Settled Insurers' Motion to Enforce will be denied, that Non-
Settled Insurers' Motion for Partial Summary Judgment will be
granted, and that the Motion to Dismiss filed by WECCO and
Hartford will be granted, as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves an insurance coverage dispute between
WECCO - a company which for decades engaged in the business of
handling, installing, disturbing, removing, and selling
asbestos-containing insulation materials - and several of its
insurers.  The factual background of the dispute and the
somewhat convoluted procedural history of this action have been
set out in detail in previous opinions of this Court[2] and will

---

[1] Also pending are several motions to seal various documents
filed in conjunction with these motions.  ECF Nos. 287, 291,
298, 302, and 309.  These motions will be granted for good cause
shown.

[2] See June 11, 2013, Memorandum denying in part a motion to
dismiss filed by WECCO, ECF No. 131; January 16, 2014,
Memorandum denying WECCO's request that this Court abstain from
exercising its jurisdiction over this matter, ECF No. 146; May
14, 2014, Memorandum approving the voluntary dismissal of two of
the insurers, ECF No. 199; and a May 26, 2015, Memorandum
denying WECCO's motion to certify questions to the Maryland
Court of Appeals and approving the voluntary dismissal of
another insurer, ECF No. 251.

not be repeated here.  The Court has, however, issued several

rulings in this action that are relevant to the instant motions.

First, the Court has issued a ruling on Maryland insurance

law as it relates to the policies at issue.  On May 26, 2015,

the Court declared the following:

> (a) Maryland law governs the interpretation of the insurance policies issued or allegedly issued to WECCO by [its] Insurers;
>
> (b) Bodily injury that occurs during an insurer's policy period, and that arises from an operation that concluded prior to the inception of the policy period, falls within the "completed operations" hazard of that policy and therefore is subject to the aggregate limits of each such policy; and
>
> (c) To avoid the application of the aggregate limit of any particular policy, WECCO bears the burden of proving that the bodily injury that occurred during that policy's policy period arose from asbestos exposure during a WECCO operation that was ongoing during such policy period.

May 26, 2015 Order, ECF No. 252.  Second, having been informed

that WECCO has settled the claims between it and various

insurers (collectively, the Settled Insurers), the Court issued

orders setting out the ongoing obligations of the parties

relative to the underlying asbestos litigation.  See ECF No. 199

(dismissing claims between WECCO and Pennsylvania Manufacturers

Association Insurance Company and claims between WECCO and

Federal Insurance Company); ECF No. 252 (dismissing claims

between WECCO and General Insurance Company of America).  In the

Orders dismissing those claims and substituting WECCO for the
Settled Insurers, the Court specified that:

> (i) Any judgment or award obtained by WECCO against
> any other insurer shall be automatically reduced by
> the amount, if any, that a Court determines by
> judgment [the Settled Insurer] would have been liable
> to pay such other insurer as a result of that
> insurer's claim so that the claim by that insurer
> against [the Settled Insurer] is thereby satisfied and
> extinguished;
>
> (ii) WECCO will be obligated to participate in the
> defense and indemnity of WECCO to the same extent that
> [the Settled Insurer] would be obligated to
> participate under applicable law; and
>
> (iii) WECCO and [the Settled Insurer] are ORDERED to
> deposit the settlement payment in a qualified
> settlement fund, pending resolution of substantive
> issues relating to [the Settled Insurer's]
> responsibility, if any, to pay defense and indemnity
> costs;[3]

ECF No. 199 at 10-12, ECF No. 252 at 3.

## II. NON-SETTLED INSURERS' MOTION TO ENFORCE

There is substantial disagreement among the parties as to
whether WECCO has complied with these Orders since their
issuance.  In their Motion to Enforce, Non-Settled Insurers
represent that WECCO has failed to make promised payments of
fees to long-standing defense and settlement counsel, Richard
Flax and Robert Spinelli.  WECCO then unilaterally replaced Flax

---

[3] Consistent with the Court's orders, WECCO established the WECC
Qualified Settlement Fund (WECCO QSF).  In the portions of this
Memorandum that follow that speak of the obligation of WECCO to
stand in the shoes of the Settled Insurers, it is understood
that the obligation actually rests on the WECCO QSF.

and Spinelli with the law firm of Morgan Lewis & Bockius LLP (Morgan Lewis) in over 570 pending asbestos suits against WECCO. Morgan Lewis is the firm that is also representing WECCO in the instant coverage dispute and Non-Settled Insurers view the representation in the underlying asbestos cases by coverage counsel as a clear conflict of interest.  Instead of Morgan Lewis, the Non-Settled Insurers advocate for the retention of Dehay & Elliston, a law firm with considerable experience defending asbestos cases in Baltimore where most of the cases are pending.  Non-Settled Insurers also complain that WECCO is attempting to force them to accept the following conditions before it will retain new counsel:

> (1) an artificial cap of $10,000 per case on amounts that could be expended on WECCO's defense,
>
> (2) a requirement that the WECCO [QSF] alone would control whether to take any particular case to trial,
>
> (3) a requirement that defense counsel would comply with a settlement "framework" as to which [Non-Settled] Insurers neither have been apprised nor have consented, and
>
> (4) an agreement by [Non-Settled] Insurers to all terms of the draft defense protocol as proposed by WECCO.

ECF No. 286 at 9.

As relief in this motion, Non-Settled Insurers seek declarations that:

(1) with respect to the asbestos suits in which Morgan
Lewis has been substituted or appeared as WECCO's
defense counsel, [Non-Settled] Insurers shall have no
obligation for defense or indemnity under the policies
and alleged policies at issue in this action, and

(2) with respect to any asbestos suits that are
hereafter filed and tendered by WECCO to [Non-Settled]
Insurers for defense, WECCO shall participate in the
defense and indemnity of WECCO to the same extent that
the [Settled Insurers] would be obligated to
participate under Maryland law, shall not condition
its participation on any additional terms or
limitations unless mandated by the Court, and shall
promptly after the filing of each such suit consent to
the appearance of non-conflicted defense counsel
acceptable to the insurers participating in WECCO's
defense.

Id. at 3.

In opposition, WECCO submits that, while it did substitute

Morgan Lewis for Flax and Spinelli, this was on a "temporary

basis while the parties negotiated a more permanent defense

protocol."  ECF No. 292 at 14.  Furthermore, WECCO stresses that

Morgan Lewis has been defending WECCO in these suits "at no cost

to any party."  Id.  As to the conditions that it seeks to

insert into the defense protocol going forward, WECCO asserts

that, because it is now responsible for more than 50% of the

defense costs after having absorbed the responsibilities of the

Settled Insurers, it should be able to exercise the right to

control the litigation as "lead counsel."  Furthermore, WECCO

sees no inherent conflict under Maryland law for Morgan Lewis to

serve as both WECCO's defense counsel and WECCO's coverage counsel.

Before trying to untangle those areas wherein the parties disagree, the Court notes that, at least as to the "products and completed operations claims" for which the Non-Settled Insurers have denied coverage, the Non-Settled Insurers have no grounds to protest Morgan Lewis' continued role as defense counsel at WECCO's sole expense.  While WECCO purports to disagree with the Court's resolution of the scope of completed operations claims and to dispute that the Non-Settled Insurers have sufficiently established that the aggregate limits of their policies for that class of claims has been exhausted, WECCO appears to have acquiesced to its role as sole defender of those claims.  See ECF No. 292 at 12-13 ("WECC[O] reasonably proposed that the defense of products and completed operations claims would remain with Morgan Lewis and that WECC[O] would not seek reimbursement from Non-Settled Insurers, so Non-Settled Insurers should have no input in how these claims are defended.").  As to those claims, the Court sees no need for any further declarations at this time.

As to the "operations" claims that are potentially covered under the Non-Settled Insurers' policies, WECCO and the Non-Settled Insurers all rely on the language of the applicable insurance policies (the Non-Settled Insurers on the language of

their own policies and WECCO on the language of the Settled

Insurers' policies) and on firmly established Maryland law for

the proposition that each insurer has the "right and duty" to

defend WECCO.  As set out by WECCO,

> Under Maryland law, which this Court has thus far held
> applies in this coverage dispute, an insurer's right
> to defend its insured is an essential right:
>
> "It is common – almost universal – for liability
> insurance policies to give the insurer both the <u>right</u>
> to control the defense of any claim covered by the
> policy and the <u>duty</u> to provide that defense. . . .
> The right to control the defense . . . is important to
> the insurer as a mechanism for protecting and
> minimizing its duty of indemnification.  If it is to
> be liable for any judgment rendered against the
> insured, it has a right to make certain that a proper
> defense is made to the claim and that unwarranted,
> overstated, and collusive claims are exposed and
> defeated."

ECF No. 292 at 10 (quoting <u>Sherwood Brands, Inc. v. Hartford</u>

<u>Accident & Indem. Co.</u>, 698 A.2d 1078, 1083 (Md. 1997) (emphasis

in <u>Sherwood Brands</u>)); <u>see also</u> ECF No. 286 at 12 (Non-Settled

Insurers' reliance on that same authority).  Given that it is

undisputed that WECCO now bears the largest stake in the defense

of these operations claims, the Court concludes that it is

appropriate that WECCO take the "lead" in that defense, with

certain qualifications.

One of those qualifications is that WECCO cannot continue

to retain conflicted counsel to defend these suits and, as long

as it does so, Non-Settled Insurers shall have no defense or

indemnity obligations with respect to those suits in which
Morgan Lewis remains defense counsel.  Given the long and
protracted efforts of Morgan Lewis to pull cases into coverage
under the Non-Settled Insurers' policies, Morgan Lewis cannot
also be placed into the position where it can slant the defense
in a manner that could render the claims covered claims.  See
New York State Urban Dev. Corp. v. VSL Corp., 563 F. Supp. 187,
190 n.1 (S.D.N.Y. 1983).  WECCO's insistence that Morgan Lewis'
representation in these actions is "temporary" indicates to the
Court at least a tacit admission that Morgan Lewis' continued
representation is inappropriate.

That said, when new counsel is retained to defend these
suits, be it DeHay & Elliston, LLP or some other non-conflicted
counsel on which the parties agree, the Court concludes that an
agreement on a "defense protocol" and a settlement "framework"
would be reasonable and it is not a breach of any Order of this
Court to attempt to establish some guidelines to the manner in
which the operations cases will be defended.  These guidelines,
of course, are necessarily limited to general guidelines and
defense counsel, consistent with their professional
responsibilities and obligations, must apply them on a case-by-
case basis, in line with the rights of the insurers, both the
Non-Settled Insurers and the Settled Insurers, in whose shoes

WECCO now stands.   The proposed protocol acknowledges that duty.[4]
Furthermore, it is not clear from the current record exactly
where the parties are in disagreement regarding the guidelines,
rendering it impractical for the Court to meaningfully address
the dispute.

Finding that WECCO is not currently in breach of any Order
of the Court, the Court will deny the Non-Settled Insurers'
Motion to Enforce.   It would appear to be in the best interest
of all parties to quickly come to an agreement on new defense
counsel for the potential "operations" cases and on an
appropriate defense protocol.   If the parties continue to be at
an impasse, however, the Court would consider referring the

---

[4] The proposed guidelines state:

> Nothing contained in these Guidelines is intended to
> interfere with the attorney/client relationship or the
> proper discharge of defense counsel's duties to his or
> her client, where counsel is representing an insured.
> It is the counsel's obligation to bring to Resolute's
> attention any specific factual situations where
> counsel believes that the Guidelines may potentially
> interfere with counsel's obligations to his or her
> client.   While it is our desire to be a part of the
> decision-making process, nothing contained herein is
> intended to (1) restrict defense counsel's independent
> exercise of professional judgment in rendering legal
> services to or for the insured or (2) otherwise
> interfere with any relevant ethical rules governing
> the conduct of counsel.   Counsel is expected to adhere
> to all ethics rules governing professional conduct and
> responsibility.

Defense Counsel Guidelines of Resolute Management Inc., ECF No.
292-6 at 3.

parties to a Magistrate Judge to help guide an appropriate
resolution to that impasse.

## III. NON-SETTLED INSURERS' MOTION FOR PARTIAL SUMMARY JUDGMENT

In their motion for partial summary judgment, the Non-
Settled Insurers asked the Court to issue two additional
declarations regarding the coverage of claims.  The first states
that an insurer's indemnity obligation to WECCO is to be
proportional to the insurer's "time on the risk" as compared to
the "Allocation Period."  The Allocation Period is the period
from the claimant's first exposure to a WECCO-related asbestos
product to the claimant's manifestation of an asbestos-related
disease, minus any period of time in which insurance for
asbestos-related diseases was not commercially available.[5]  The
second declaration relates to WECCO's portion of defense and
indemnity costs.  Non-Settled Insurers ask that the Court

---

[5] The actual requested text of this first declaration is as
follows:

> Any indemnity obligation an insurer may have to WECCO
> with respect to an asbestos bodily injury suit is to
> be allocated pro rata based on such insurer's
> triggered time on the risk as compared to the
> "Allocation Period," which is the entire period during
> which the claimant's bodily injury occurred. The
> Allocation Period starts with the date of a claimant's
> first WECCO-related exposure to asbestos and ends with
> the manifestation of the claimant's asbestos-related
> disease, exclusive of any periods for which WECCO
> establishes that insurance for asbestos claims was
> commercially unavailable to WECCO for procurement.

ECF No. 299 at 1.

11

declare that WECCO's indemnity obligation extends to any part of the Allocation Period for which: the insurance procured by WECCO has been exhausted; the insurer is insolvent; the insurer has settled with WECCO; or WECCO failed to procure insurance, unless insurance for asbestos claims was commercially unavailable for that period of time.[6]

WECCO opposes the issuance of these declarations on two grounds. First, while conceding that these declarations are generally consistent with this Court's previous rulings,[7] WECCO takes issue with the allocation of loss to WECCO for the periods of time when it bought insurance from a carrier that subsequently became insolvent. This allocation is particularly

---

[6] The actual requested text of this second declaration is as follows:

> WECCO must pay all pro rata shares of any judgment or settlement not allocable to Certain Insurers. This includes indemnity allocable to any period in the Allocation Period for which (i) the insurance procured by WECCO has been exhausted; (ii) the insurance procured by WECCO was issued by one or more insurers that are insolvent; (iii) the insurance procured by WECCO was issued by an insurer with whom WECCO has reached a settlement; and/or (iv) WECCO failed to procure insurance, unless WECCO establishes that insurance for asbestos claims was commercially unavailable to WECCO for procurement during that period.

Id.

[7] WECCO disagrees with this Court's interpretation of Maryland law and states its intent to ask the Fourth Circuit, on appeal, to certify questions related to these issues to the Maryland Court of Appeals. ECF No. 303 at 2 n.2.

significant here in that WECCO bought thirteen years of coverage

from an insurer that became insolvent, American Liablity

Insurance Company.   Second, WECCO also suggests that the

appropriateness of these declarations is an issue for trial and

not one for resolution on a motion for summary judgment.

As for the first argument, neither side has directed the

Court to binding Maryland law on this precise issue.   Non-

Settled Insurers have noted, however, that both the Maryland

Court of Special Appeals in <u>Mayor & City Council of Baltimore v.</u>

<u>Utica Mutual Insurance Company</u>, 802 A.2d 1070, 1103 (Md. Ct.

Spec. App. 2002) and the Fourth Circuit Court of Appeals in

<u>Pennsylvania National Mutual Casualty Insurance Company v.</u>

<u>Roberts</u>, 668 F.3d 106, 114 (4th Cir. 2012), cited with approval

a Second Circuit decision, <u>Olin Corporation v. Insurance Company</u>

<u>of North America</u>, 221 F.3d 307, 323 (2d Cir. 2000), which did

directly address the allocation of indemnity when an insurer

becomes insolvent.   The <u>Olin</u> court opined,

> where the policies triggered are provided by multiple
> insurers, allocation avoids saddling one insurer with
> the full loss, the burden of bringing a subsequent
> contribution action, and the risk that recovery in
> such an action will prove to be impossible because,
> for instance, the insurer of other triggered policies
> is unable to pay.   <u>Allocation results in the insured
> bearing the risk of any of its insurers' inability to
> pay, instead.   There is logic in having the risk of
> such defalcation fall on the insured, which purchased
> the defaulting insurer's policy, rather than on
> another insurer which was a stranger to the selection
> process.</u>

13

221 F.3d at 323 (emphasis added).

Having the allocation of indemnity fall on the insured when an insurer becomes insolvent is also consistent with the language of the insurance policies at issue.  There is no dispute that this language specifies that coverage is limited to bodily injury which occurs "during the policy period."  See, e.g., Continental Policy No. SMP 6087552, ECF No. 285-11 at 29. Although offered in a slightly different context, this conclusion is consistent with the Fourth Circuit's observation in Roberts that "an insurance company cannot be held liable for periods of risk it never contracted to cover."  668 F.3d at 109. "It is a dispiriting but inescapable fact that sometimes really bad things happen, and those responsible are either insolvent or inadequately insured.  But that regrettable reality does not allow us to ignore Maryland law, to hold an insurance company to a contractual provision to which it never agreed. . . ."  Id. at 115.

The Court also finds no merit to WECCO's second argument that Non-Settled Insurers' entitlement to these declarations cannot be resolved at the summary judgment stage but, instead, must be determined at trial.  The declarations sought are purely legal in nature as evidenced by the fact that WECCO has identified no additional evidence or facts that would need to be developed at trial to resolve these issues.  Notably absent from

14

WECCO's Opposition to the partial summary judgment motion is the requisite affidavit explaining what additional discovery it needed to oppose the motion.  <u>See</u> Fed. R. Civ. P. 56(d); <u>Streeter v. SSOE Sys.</u>, 732 F. Supp. 2d 569, 573 n.2 (D. Md. 2010) (noting that if a party opposes a motion for summary judgment based on the need for additional factual development, "it must show specific reasons by affidavit as to why it cannot present facts essential to justify its opposition.").

The Motion for Partial Summary Judgment will be granted and the Court will issue the requested declarations.

## IV. <u>WECCO/HARTFORD'S MOTION FOR VOLUNTARY DISMISSAL</u>

Having reached a settlement, WECCO and Hartford seek the entry of an Order dismissing the claims between them and substituting WECCO for Hartford in the remaining claims.  They propose an order similar to the orders dismissing the other Settled Insurers.  The Non-Settled Insurers do not object to the dismissal and substitution, but take issue with three aspects of the WECCO/Hartford Proposed Order.

First, Non-Settled Insurers suggest that the Proposed Order ignores the Court's choice of law ruling.  Like the previous orders of dismissal, the WECCO/Hartford Proposed Order simply states that WECCO "is obligated to participate in the defense and indemnity of WECC[O] to the same extent that Hartford would be obligated to participate <u>under applicable law</u>."

15

WECCO/Hartford Proposed Order ¶ 5, ECF No. 283 (emphasis added).

Non-Settled Insurers argue that, now that the Court has

determined what the applicable law is, the order should reflect

that determination and should read "WECCO is to participate in

the shoes of Hartford in the defense and indemnity of WECCO on a

pro rata time-on-the-risk basis to the same extent that Hartford

would be obligated to participate under Maryland law . . . ."

Non-Settled Insurers' Proposed Order ¶ 5, ECF No. 289-1.  The

Court finds that Non-Settled Insurers' proposed language is an

accurate expression of the applicable law and will include that

language in its Order.

Second, Non-Settled Insurers take issue with the inclusion

in Paragraph 1 of the WECCO/Hartford Proposed Order that the

claims between WECCO and Hartford are dismissed "without effect

on WECC[O]'s claims against the remaining parties."  Non-Settled

Insurers note that this language was not included in the

previous orders and, more significantly, is inconsistent with

the language of Paragraph 3 of the WECCO/Hartford Proposed Order

that provides that "[a]ny judgment or award obtained by WECC[O]

against another insurer shall be automatically reduced by the

amount, if any, that a Court determines by judgment that

Hartford would have been liable to pay such other insurer as a

result of that insurer's claim so that the claim by that insurer

against Hartford is thereby satisfied and extinguished."  In

16

their Reply, WECCO and Hartford ignore the fact that this
language was not in the previous orders, ignore the internal
inconsistency that this language creates, and simply note that
Paragraph 3 of their Proposed Order is nearly identical to
Paragraph 3 of the previous orders.  ECF No. 294 at 3.  That, of
course, is not the issue and the contested "without effect"
language will not be included in the Court's Order.

Finally, Non-Settled Insurers note that, while not included
in the Proposed Order, the brief in support of the motion
included a footnote that would imply that WECCO and Hartford
take the position that WECCO was only assuming from Hartford
defense and indemnity costs incurred after the date of the
WECCO/Hartford settlement.  ECF No. 289 (citing ECF No. 283-1 at
4 n.3).  Non-Settled Insurers correctly respond that, as WECCO
is "stepping into the shoes" of Hartford, WECCO would assume
obligations already incurred as well as obligations to be
incurred in the future.  To clarify any confusion, real or
imagined, the Court will include the language requested by Non-
Settled Insurers regarding the time span of WECCO's assumed
obligations.

## V. CONCLUSION

For the above stated reasons, the Non-Settled Insurers'
Motion to Enforce will be denied, the Non-Settled Insurers'
Motion for Partial Summary Judgment will be granted, and the

17

Motion to Dismiss filed by WECCO and Hartford will be granted, as modified.  A separate order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: May 12, 2016